IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL L. LEWIS,

                Plaintiff,

      vs.                                    Case No. 22-3053-SAC

JOHN SNYDER, and
MIKE JOHNSTON,

                Defendants.

MEMORANDUM AND ORDER

        The plaintiff Michael L. Lewis ("Lewis") is confined in the United States Disciplinary Barracks ("USDB") Fort Leavenworth, Kansas. The court granted Lewis leave to proceed in forma pauperis, and he has paid his initial partial filing fee. Lewis brings this pro se civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), asserting his First Amendment rights to practice his Nazirite vows were violated when USDB Commandant Mike Johnston and USDB Deputy Commandant John Snyder threatened disciplinary action while his DA 510 Form requests to have dreadlocks are still being processed. Lewis alleges that he submitted his requests for dreadlocks on January 31 and February 28 of 2022, and that Johnston threatened disciplinary actions on March 11, 2022, and Snyder threatened disciplinary actions on March 16, 2022. The plaintiff requests as relief $100,000 for "court costs, materials, and suffering." ECF# 1, p. 6.

**Statutory Screening of Prisoner Complaints**

        A court must screen prisoners' complaints which seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff must allege the grounds for being entitled to relief, and this is "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new

2

standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**Analysis**

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205, 1209 (10th Cir. 1999). To state a constitutional denial of free exercise of religion claim, a prisoner must allege the defendants "substantially burdened his sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069. In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim." *Id*. at 1070. "Consequently, the first questions in any free exercise claim are whether the plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks and citation omitted). At that point, "the prison officials-defendants may identify the legitimate penological interests that

justify the impinging conduct" which triggers the court's balancing of the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), to determine the reasonableness of the conduct. *Id.* at 1219.

The plaintiff alleges that each defendant threatened him once on separate days with disciplinary actions. He does not allege what the defendants said or threatened, how the threats are even connected to his pending DA 510 requests for religious exception to have dreadlocks as part of his Nazirite vows, whether the defendants knew about his pending DA 510 requests, and what, if anything, happened after the threats were made. Without more specific factual allegations, there is nothing to show that these isolated and sporadic threats are sufficient to have substantially burdened the plaintiff's religious beliefs. *See Ealom v. United States,* No. 18-3045-SAC, 2018 WL 1899135, at *4 (D. Kan. Apr. 20, 2018).

The plaintiff also may be attempting to make a claim for retaliation under the First Amendment. Prison officials may not retaliate or harass an inmate because of the inmate's exercise of his constitutional rights. *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019). "Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The

plaintiff also must present facts showing that "but for the retaliatory motive," the actions "would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "[A]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* "[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). The plaintiff has not adequately alleged the second and third elements for a retaliation claim.

Moreover, the Supreme Court has "declined to extend *Bivens* to a claim sounding in the First Amendment" and has "not found implied damages remedy under the Free Exercise clause." *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citing in part *Bush v. Lucas*, 462 U.S. 367 (1983)); *see also Ealom v. United States,* No. 18-3045-SAC, 2018 WL 1899135, at *4 (D. Kan. Apr. 20, 2018) *(citing Mochama v. Zwetow,* No. 14-2121-KHV, 2017 WL 36363, at *11 (D. Kan. Jan. 3, 2017); *Williams v. Klien,* 20 F. Supp. 3d 1171, 1175 (D. Colo. 2014)*; Hall v. Shumard,* No. 15-cv-01949-RBJ-MJW, 2017 WL 694589, at *2 (D. Colo. Feb. 21, 2017). Based on this line of precedent, the plaintiff's First Amendment claim is subject to dismissal.

The plaintiff's *Bivens* claim for damages is also barred under *Feres*. This court in *Coleman v. Johnson*, No. 20-3236-SAC, 2021 WL 638020, at *2-3 (D. Kan. Feb. 18, 2021), held:

> In *Feres v. United States*, 340 U.S. 135 (1950), the United States Supreme Court determined that the Federal Tort Claims Act did not operate as a waiver of sovereign immunity in an action brought by active-duty military personnel. The Court held that the federal government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

Federal courts have extended the "incident to service" test to bar other damages actions against military personnel. In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court applied the *Feres* doctrine to bar constitutional claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell*, 462 U.S. at 305; see also *United States v. Stanley*, 483 U.S. 669, 681 (1987) ("Today, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits, where we adopted an 'incident to service' rule.").

Plaintiff's status as a military prisoner dictates that his claims concerning violation of his constitutional right to freedom of religion arise incident to military service. In *Ricks v. Nickels*, 295 F.3d 1124 (10th Cir. 2002), the Tenth Circuit noted that:

> At the time he filed the original complaint, Ricks was serving his sentence at the USDB in Fort Leavenworth, Kansas. The USDB is the Army Corrections System maximum custody facility and provides long-term incarceration for enlisted and officer personnel of the armed forces. No civilians are confined at the USDB. The USDB is run by the Commandant, a United States Army military police officer. Military police serve as correctional officers at the USDB, which does not employ civilian guards.

*Id*. at 1126 (rejecting military prisoner's *Bivens* claim under the *Feres* doctrine; plaintiff, although discharged, remained subject to the Uniform Code of Military Justice (UCMJ)). The Court held that Ricks' alleged injuries stemmed from his military relationship such that it is incident to his military service, where he was convicted in a military court for offenses committed during active duty; was confined in a military institution commanded and operated by military personnel, subject to the USDB's rules and regulations; and was subject to the UCMJ and could be tried by court-martial for offenses during incarceration. Likewise, any claim Plaintiff may be making for monetary damages is "incident to military service" and therefore barred by the Feres doctrine.

Moreover, to the extent Plaintiff seeks damages under RFRA, such claim is also barred by sovereign immunity. The congressional waiver of sovereign immunity under RFRA is limited to RFRA claims seeking injunctive relief. *Crocker v. Durkin*, 159 F. Supp. 2d 1258, 1269 (D. Kan. 2001), *aff'd*, 53 F. App'x 503 (10th Cir. 2002).

The plaintiff's claim for damages is subject to dismissal.

Finally, under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. *Id*. Section 1997e(a) expressly provides, "No action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.")(citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Id.* (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). While failure to exhaust is an affirmative defense and a plaintiff is generally not required to plead it in his complaint, when that failure is clear from materials filed by the plaintiff, the Court may sua sponte inquire into the issue of exhaustion. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A). The plaintiff here alleges he has not received any response to his requests for religious exception. Therefore, as part of this screening process, the plaintiff must inform the court whether he has any received any response to his requests and whether he administratively appealed.

For the reasons stated herein, it appears that the plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The plaintiff is required to show good

7

cause why his complaint should not be dismissed for the reasons stated herein and to address the status of his requests for religious exception. He is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. This amended complaint is to be proper and complete alleging only properly joined claims and defendants, alleging sufficient facts to state a claim for a federal constitutional violation legally and factually viable in federal court, and alleging exhaustion of administrative remedies for his pending religious exception requests. If the plaintiff does not file her good-cause response and/or her amended complaint within the prescribed time, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted until May 25, 2022, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his complaint should not be dismissed for the reasons stated herein, and is also granted until May 25, 2022, in which to file a complete and proper amended complaint curing all the deficiencies discussed herein. The plaintiff's failure to file a good-cause response and/or his amended complaint by May 25, 2022, will result in the court deciding this matter based upon the current deficient complaint and dismissing without further notice.

Dated this 3rd day of May, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge